American Trucking Associations, Inc. et al., Petitioners *v.* Robert K. Bloom, Secretary of Department of Revenue, Commonwealth of Pennsylvania, et al., Respondents.

Argued December 11, 1984, before President Judge CRUMLISH, JR. and Judges ROGERS, WILLIAMS, JR., CRAIG, MACPHAIL, DOYLE and BARRY.

*Arthur R. Littleton,* with him, *Mark P. Pazuhanich,* of counsel, *Morgan, Lewis & Bockius,* for petitioners.

*Maura A. Johnston,* Deputy Attorney General, with her, *Allen C. Warshaw,* Senior Deputy Attorney General, Chief, Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for respondents.

OPINION BY JUDGE WILLIAMS, JR., February 5, 1985:

American Trucking Associations, Inc. and four foreign-based trucking companies (Petitioners) challenge the constitutionality and seek to enjoin the enforcement of Section 9902 of the Vehicle Code, 75 Pa. C. S. §9902, which exacts a maximum, annual tax of $36.00 per axle on every motor carrier vehicle, beyond a certain weight, that travels in the Commonwealth. In this class action Petitioners also request the refunding to class members of taxes paid for tax years beginning April 1, 1983.[1] The parties have filed cross-motions for summary judgment.

---

[1] This Court, on December 12, 1983, certified the represented class to consist of all interstate carriers who own foreign-registered motor carrier vehicles which are currently or prospectively subject to Section 9902 of the Vehicle Code.

Also certified was a subclass consisting of all interstate carriers who own motor carrier vehicles which are registered in non-International Registration Plan jurisdictions and which are currently or prospectively subject to Section 9902 of the Vehicle Code.

Section 3 of the Act of December 8, 1982, P.L. 842, No. 234 (Act 234), amended the Vehicle Code by adding a chapter entitled "Axle Tax for Highway Bridge Improvement" (Axle Tax). *See* 75 Pa. C. S. §§9901-09. The Axle Tax, with an effective date of April 1, 1983, imposes annually a $36.00 per axle assessment "on every truck, truck tractor or combination having a gross weight or registered gross weight in excess of 26,000 pounds" that travels at least 2000 miles annually in Pennsylvania.[2] *See* 75 Pa. C. S. §§9902 and 9905. Axle Tax revenue funds highway bridge rehabilitation, replacement and removal projects, 75 Pa. C. S. §9908, and is targeted for job-creation and the rehiring of the Commonwealth's unemployed, 75 Pa. C. S. §9907(b).

Section 3 of Act 234 assessed a maximum tax of $36.00 per axle against both foreign-registered and Pennsylvania-registered motor carrier vehicles that travel in the Commonwealth and have a gross or registered gross weight greater than 26,000 pounds. Section 1 of Act 234, however, simultaneously amended Section 1916(a) of the Vehicle Code, 75 Pa. C. S. §1916(a), and, beginning with the weight class upon which the Axle Tax is first imposed (*viz*, 26,001-30,000 pounds), reduced the annual, Pennsylvania truck registration fees in multiples of $36.00.

The incremental $36.00 registration fee reductions roughly correspond to the number of axles legally required for vehicles of various weights. Permissible maximum gross weights for two-axle, three-axle and four-axle trucks are 38,000 pounds, 58,400 pounds and 73,280 pounds, respectively. *See* 75 Pa. C. S. §4941(c). Vehicles registered with maximum gross or combina-

---

[2] Operators of motor carrier vehicles traveling less than 2000 miles per year in Pennsylvania are entitled to a rebate, which is calculated according to a statutory formula. *See* 75 Pa. C. S. §9905.

tion weights of 26,001-40,000 pounds, 40,001-60,000 pounds, 60,001-73,280 pounds and 73,281-80,000 pounds, sustained registration fee reductions in amounts of $72.00, $108.00, $144.00 and $180.00, respectively. Registration fee reductions generally offset the tax owed based on the number of axles ordinarily required of vehicles within each affected weight class.[3]

While Section 3 of Act 234 assesses an Axle Tax against all designated vehicles operating in Pennsylvania, Section 1 of Act 234, by authorizing comparable registration fee reductions, negates or mitigates the financial impact of the Axle Tax on Pennsylvania-registered vehicles. Petitioners therefore argue that the combined effect of Sections 1 and 3 of Act 234, which vitiates the Axle Tax's financial effect on locally registered trucks, discriminates against interstate commerce in violation of the Commerce Clause of the United States Constitution, art. I, §8, cl.3 and the Privileges and Immunities Clause, art. IV, §2.

Commerce Clause jurisprudence distinguishes between two types of legislation: (1) protectionist measures that are infused with discriminatory purpose or effect and (2) facially neutral acts that regulate even-handedly to promote legitimate local interests, with incidental effects on interstate commerce. *See Philadelphia v. New Jersey*, 437 U.S. 617, 624 (1978). Economic protectionist legislation is subject to a "virtually per se rule of invalidity," while a facially neutral measure is invalidated whenever burdens on interstate commerce clearly outweigh putative local benefits. *Id.*

The United States Supreme Court stated in *Maryland v. Louisiana,* 451 U.S. 725 (1981) that

---

[3] The correspondence between registration fee reductions and the number of axles is not perfect. For example, trucks weighing between 38,001 and 40,000 pounds are required to have three axles, yet registration fees were reduced by $72.00 rather than $108.00.

[a] state tax must be assessed in light of its actual effect considered in conjunction with other provisions of the State's tax scheme. "In each case it is our duty to determine whether the statute under attack, whatever its name may be, will in its practical operation work discrimination against interstate commerce."

451 U.S. at 756 (quoting partially from *Best & Co. v. Maxwell,* 311 U.S. 454, 455-56 (1940).

Examining the Axle Tax in conjunction with the simultaneously enacted registration fee reductions, we conclude that the assessment facially discriminates against interstate commerce. The registration fee reductions almost always offset assessments, virtually insulating operators of locally but not foreign, registered vehicles from the levy's financial impact. Since the Axle Tax discriminatorily effects the operators of foreign-registered vehicles, who bear the full brunt of the tax, the assessment constitutes economic protectionism and is facially invalid. *See Boston Stock Exchange v. State Tax Commission,* 429 U.S. 318 (1977) (New York stock transfer tax scheme invalidated because it reduced tax payable by non-residents when the transfer involved an in-state sale, and also set a maximum limit to the tax payable on an in-state, but not on an out-of-state, sale.); *Maryland,* 451 U.S. 725 (1981) (Louisiana's "first-use" tax on natural gas invalidated because in-state purchasers favored by series of tax credits and exemptions.).

Accordingly, we grant Petitioners' motion for summary judgment and deny the Respondents' cross-motion for summary judgment.[4]

---

[4] Because of our disposition of the Commerce Clause, facial discrimination issue, we need not address Petitioners remaining arguments.

384

ORDER

AND Now, this 5th day of February, 1985, Petitioners' motion for summary judgment is granted. Respondents' cross-motion for summary judgment is denied. Section 9902 of the Vehicle Code, 75 Pa. C. S. §9902, is hereby declared to be violative of the Commerce Clause of the United States Constitution.

Refunding of Axle Tax payments for tax years beginning April 1, 1983 shall proceed in accordance with the parties' Stipulations dated February 9, 1983, February 23, 1984, and, January 16, 1985.

President Judge CRUMLISH, JR. and Judge BARRY dissent.